David L. Soffer, Esq.
Attorney ID #: 000672005
LAW OFFICE OF DAVID L. SOFFER, LLC
45 Bleeker Street, 2nd Floor
Newark, NJ 07102
Tel: (973) 907-8383
Fax: (973) 907-8083
Attorney for Plaintiff

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2017 JUL 25 P 3: 20

| | |
|---|---|
| DWAYNE MCCUBBIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF EAST ORANGE, EAST ORANGE POLICE DEPARTMENT, POLICE OFFICER D. SHERIDAN, in his individual and official capacity, COUNTY OF ESSEX, ESSEX COUNTY PROSECUTOR'S OFFICE, JOHN DOES 1-20 (names being ficticious), ABC CORPORATION 1-20 (names being fictitious),<br><br>　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO.: L-2573-17<br><br>UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>Case No.: 2:17-cv-03303-WJM-MF<br><br>CIVIL ACTION<br><br>**FIRST AMENDED COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, DWAYNE MCCUBBIN, residing at 139 William Street, in the City of Orange, County of Essex and State of New Jersey, by way of complaint against Defendants, says:

## THE PARTIES

1.　　Plaintiff DWAYNE MCCUBBIN was and is, at all time relevant, a resident of the State of New Jersey, Essex County.

2. Defendant CITY OF EAST ORANGE ("CITY") is a public entity established and authorized under the laws of the State of New Jersey. The CITY is authorized under the laws of the State of New Jersey to maintain a police department, the EAST ORANGE POLICE DEPARTMENT, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The CITY assumes the risks incidental to the maintenance of its police force and the employment of its police officers.

3. Defendant CITY OF EAST ORANGE was, at all times relevant, responsible for policy making and the hiring, supervision, training, control and retention of the individually named Defendants.

4. Defendant D. SHERIDAN ("SHERIDAN"), is and was, at all times relevant, an officer, employee, and agent of the EAST ORANGE POLICE DEPARTMENT, a municipal agency of Defendant CITY OF EAST ORANGE. He is sued in is individual and official capacity.

5. Defendant COUNTY OF ESSEX ("COUNTY") is a public entity established and authorized under the laws of the State of New Jersey. The COUNTY is authorized under the laws of the State of New Jersey to maintain a Prosecutor's Office, the ESSEX COUNTY PROSECUTOR'S OFFICE, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

6. Defendant ESSEX COUNTY PROSECUTOR'S OFFICE ("ECPO") is a public entity, agency and/or subdivision established pursuant to the laws of the State of New Jersey, and duly authorized to investigate and prosecute alleged violations of criminal law occurring within its jurisdiction.

7. Defendants JOHN DOES 1-20 and ABC CORPORATION 1-20 are and were, at all times relevant, officers, employees, and/or agents of the EAST ORANGE POLICE DEPARTMENT or the ESSEX COUNTY PROSECUTOR'S OFFICE, agencies of Defendants CITY OF EAST ORANGE and COUNTY OF ESSEX, and any other individual, entity, or company, whose actual identities are presently unknown, who were acting in the capacity of agents, servants, and employees of Defendants CITY OF EAST ORANGE and COUNTY OF ESSEX, and any other individual, entity, or company, whose actual identities are presently unknown, who were acting within the scope of their employment and whose actions assisted and/or contributed to the conduct that resulted in DWAYNE MCCUBBIN'S injuries and damages. They are sued in their individual and official capacities.

8. At all times relevant, Defendants D. SHERIDAN, JOHN DOES 1-20, and ABC CORPORATION 1-20, were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of Defendants CITY OF EAST ORANGE, the EAST ORANGE POLICE DEPARTMENT, the COUNTY OF ESSEX and the ESSEX COUNTY PROSECUTORS OFFICE.

## FACTS COMMON TO ALL COUNTS

9. On or about April 10, 2015 at approximately 7:30 pm, Plaintiff DWAYNE MCCUBBIN was present at 210 Springdale Avenue, Apartment B1, East Orange, New Jersey along with ten (10) other individuals, including Clement Ferara, who rented the apartment and resided there.

10. At the aforementioned time and place, POLICE OFFICER D. SHERIDAN and other members of the EAST ORANGE POLICE DEPARTMENT executed a search warrant which targeted Clement Ferara.

11. The search warrant was obtained after a narcotics investigation revealed that Clement Ferara was selling marijuana. The search warrant affidavit named only Clement Ferara, and contained no information regarding any other individual.

12. During the search of the apartment, Police Officers recovered 98 grams of marijuana which was concealed above a ceiling tile in the bedroom. Additionally, Police Officers searched a boiler room/laundry room and recovered two (2) handguns, a black Rohm RG10 .22 caliber and a Rexio RJ .38 caliber, which were discovered in a shopping bag which was inside of the dryer. Police Officers also recovered 48 grams of synthetic marijuana in the kitchen.

13. Rather than arrest and charge only the target of the investigation, POLICE OFFICER D. SHERIDAN arrested all eleven (11) individuals who were present in the apartment, including plaintiff DWAYNE MCCUBBIN, and charged all of them with numerous narcotics and weapons offenses.

14. All eleven (11) individuals, including plaintiff DWAYNE MCCUBBIN, were brought to the police station of the EAST ORANGE POLICE DEPARTMENT and detained there. While at the police station, Clement Ferara attempted to tell police officers that the contraband found during the search belonged to him, and not to the other individuals who were present. Despite this, POLICE OFFICER D. SHERIDAN charged all eleven (11) individuals,

including Plaintiff DWAYNE MCCUBBIN, and had them transferred to the Essex County Correctional Facility.

15. Despite having committed no crime, and there being no probable cause, plaintiff DWYANE MCCUBBIN was arrested and charged by defendant POLICE OFFICER D. SHERIDAN with the following: Possession of CDS (98 grams marijuana) pursuant to N.J.S.A. 2C:35-10A(3), Possession with intent to distribute CDS pursuant to N.J.S.A. 2C:35-5A(1), Possession with intent to distribute CDS within 500 feet of a public park pursuant to N.J.S.A. 2C:35-7.1A, Possession of CDS (48 grams synthetic marijuana) pursuant to N.J.S.A. 2C:35-10A(1), Possession with intent to distribute CDS pursuant to N.J.S.A. 2C:35-5A(1), Possession with intent to distribute CDS within 500 feet of a public park pursuant to N.J.S.A. 2C:35-7.1A, Unlawful possession of a weapon (.22 caliber Rohm Handgun) pursuant to N.J.S.A. 2C:39-5B, Possession of a weapon while committing a CDS offense pursuant to N.J.S.A. 2C:39-4.1A, Possession of a police scanner pursuant to N.J.S.A. 2C:33-22, Unlawful possession of a weapon (.38 caliber Rexio RJ Handgun) pursuant to N.J.S.A. 2C:39-5B, Possession of a weapon while committing a CDS offense pursuant to N.J.S.A. 2C:39-4.1A, and Possession of drug paraphernalia pursuant to N.J.S.A. 2C:36-2.

16. Despite this being DWAYNE MCCUBBIN'S first ever arrest, his initial bail was set at $125,000 with no 10% cash alternative.

17. Unable to post bail, DWAYNE MCCUBBIN remained incarcerated at the Essex County Correctional Facility until December 4, 2015, a time period of approximately eight (8) months.

18.     On or about April 17, 2015, Clement Ferara wrote several letters in which he took responsibility for possessing the guns and marijuana recovered in his home, and also specifically exculpated numerous individuals, including DWAYNE MCCUBBIN. Some of these letters, including the one that specifically exculpated DWAYNE MCCUBBIN, were provided to the ESSEX COUNTY PROSECUTOR'S OFFICE on or about May 11, 2015.

19.     All charges against DWAYNE MCCUBBIN were ultimately dismissed on or about April 26, 2016.

20.     On July 12, 2016, a written notice of claim was served upon all Defendants.

21.     At least six (6) months have elapsed since the service of the Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

### FIRST COUNT
**(False Arrest and False Detention/Imprisonment)**

22.     Plaintiff repeats and reasserts the foregoing paragraphs of the complaint as if fully set forth herein.

23.     Defendants negligently, carelessly, with gross negligence and/or willfully, maliciously, intentionally and falsely accused Plaintiff of having committed several crimes.

24.     There was no reasonable or probable cause for the false accusations against Plaintiff and Defendants knew or should have known so prior to the Plaintiff's arrest, detention and imprisonment.

25.     Defendants falsely detained and wrongfully arrested Plaintiff.

26. As a proximate result of the false arrest, detention and imprisonment, Plaintiff suffered permanent damages.

WHEREFORE, Plaintiff DWAYNE MCCUBBIN, requests judgement against Defendants CITY OF EAST ORANGE, EAST ORANGE POLICE DEPARTMENT, POLICE OFFICER D. SHERIDAN, COUNTY OF ESSEX, ESSEX COUNTY PROSECUTOR'S OFFICE, JOHN DOES 1-20 and ABC CORPORATION 1-20 for damages, together with any attorney fees and costs of suit and any other further relief as the Court may deem proper and just.

## SECOND COUNT
### (Malicious Prosecution)

27. Plaintiff repeats and reasserts the foregoing paragraphs of the complaint as if fully set forth herein.

28. On or about April 10, 2015, Defendant D. SHERIDAN caused a criminal complaint to be filed against Plaintiff, DWAYNE MCCUBBIN.

29. The criminal charges are more specifically set forth in Complaint Numbers W-2015-1229-0706, W-2015-1230-0706, W-2015-1232-0706, W-2015-1235-0706 and W-2015-1237-0706.

30. The filing of the complaints by Defendant, D. SHERIDAN was made solely to harass, injure and harm the Plaintiff.

31. On or about April 27, 2016 all charges were dismissed.

32. As a result of the filing of the foregoing complaints by Defendant, D. SHERIDAN, the Plaintiff was arrested and incarcerated for approximately eight (8) months, and caused to have a criminal record made of the filing of the charges and the arrest.

33. This prosecution was instigated with no probable cause, and it was dismissed favorably to the Plaintiff.

34. As a result of Plaintiff's arrest and the filing of the complaints, Plaintiff has suffered damages and will continue to incur damages.

35. Defendants instituted the above criminal proceeding against the Plaintiff and continued the prosecution of the above criminal proceeding against the Plaintiff.

36. The criminal proceeding terminated in favor of the Plaintiff, culminating in the dismissal of all charges.

37. Defendants lacked probable cause for the institution and prosecution of the above criminal proceeding against the Plaintiff.

38. Defendants had malicious motives in prosecuting the above criminal proceeding against the Plaintiff and instituted and prosecuted the above criminal proceeding with malice and with specific intent to harm and injure the Plaintiff.

39. As a result of the aforementioned actions of Defendants, the Plaintiff was caused to be arrested, and his freedom and liberties were restricted in that he remained incarcerated for a period of eights (8) months.

40. This restraint on the Plaintiff's freedom and liberty was wrongful and the direct and proximate result of the improper filing of the criminal charges by Defendants.

41. As a direct and proximate result of the Defendants actions as described above, and particularly of their willful, intentional, false, malicious, reckless or grossly negligent actions in arresting, detaining and imprisoning Plaintiff, Plaintiff was greatly humiliated and disgraced, suffered great mental and physical anguish, suffered severe damage to his reputation and standing in the community, was forced to undergo the rigors and strain of false arrest, detention and imprisonment, and has otherwise been damaged and injured in diverse other manners, to his great detriment.

WHEREFORE, Plaintiff DWAYNE MCCUBBIN, requests judgement against Defendants CITY OF EAST ORANGE, EAST ORANGE POLICE DEPARTMENT, POLICE OFFICER D. SHERIDAN, COUNTY OF ESSEX, ESSEX COUNTY PROSECUTOR'S OFFICE, JOHN DOES 1-20 and ABC CORPORATION 1-20 for damages, together with any attorney fees and costs of suit and any other further relief as the Court may deem proper and just.

### THIRD COUNT
### (Violation of the New Jersey Civil Rights Act)

42. Plaintiff repeats and reasserts the foregoing paragraphs of the complaint as if fully set forth herein.

43. Defendants, acting under the color of statute, ordinance, reputation, custom and usage, have deprived and interfered with Plaintiff's rights, privileges and immunities which are protected by the Constitution of the State of New Jersey and the laws of the State of New Jersey, including, but not limited to:

   a) The right to enjoy and defend life and liberty;

  b)  The right to pursue and obtain happiness;

  c)  The right to due process and equal protection of law;

  d)  The right to be secure from unreasonable searches and seizures;

  e)  The right to be free from assault and battery;

  f)  The right to be free from false arrest;

  g)  The right to be free from malicious prosecution;

  h)  The right to be free from false imprisonment;

  i)  The right to freedom of association.

44. At no time was there probable cause, or any ground to believe that a crime had been committed by Plaintiffs.

45. Defendants, acting under the color of law, deprived and interfered with Plaintiff's constitutional and civil rights by seizing him, committing an assault and battery against him, falsely arresting him, falsely detaining and imprisoning him, maliciously prosecuting him, and failing to properly hire, train, retain and supervise police officers.

46. Defendants CITY OF EAST ORANGE and COUNTY OF ESSEX are vicariously liable for the actions of its employees who are acting in their official capacities.

47. Defendants actions were done in knowing violation of Plaintiff's legal and constitutional rights and have caused Plaintiff injuries and damages, including physical injury, humiliation, mental pain and suffering and emotional distress.

48. Defendants deprivation of Plaintiff's civil rights violates the New Jersey Constitution and gives rise to Plaintiff's claims for redress under N.J.S.A. 10:6-1, et seq.

49. Defendants are directly and vicariously liable for the acts of its police officers in the performance of their duties under the color of state, county and municipal law.

WHEREFORE, Plaintiff DWAYNE MCCUBBIN, requests judgement against Defendants CITY OF EAST ORANGE, EAST ORANGE POLICE DEPARTMENT, POLICE OFFICER D. SHERIDAN, COUNTY OF ESSEX, ESSEX COUNTY PROSECUTOR'S OFFICE, JOHN DOES 1-20 and ABC CORPORATION 1-20 for damages, together with any attorney fees and costs of suit and any other further relief as the Court may deem proper and just.

## FOURTH COUNT
### (Negligent Training)

50. Plaintiff repeats and reasserts the foregoing paragraphs of the complaint as if fully set forth herein.

51. At all times relevant, Defendants were responsible for the recruiting, hiring, training, and ongoing supervision of police officers.

52. Defendants had a duty to properly train their police officers.

53. Defendants had a continuing duty to properly supervise their police officers.

54. Defendants had a duty to ensure that their officers were properly trained not to violate the constitutional and civil rights of citizens and residents.

55. Defendants had a continuing duty to supervise their officers and employees in a manner that would ensure that they did not deprive anyone of their constitutionally and legally guaranteed protections.

56. Defendants failed to properly train and supervise their employees and officers to ensure that they would not engage in the violation of one's constitutional and civil rights.

57. As a result of Defendants' negligent training of their officers, Plaintiff was harmed and continues to suffer damage, including emotional distress, mental anguish, and humiliation.

WHEREFORE, Plaintiff DWAYNE MCCUBBIN, requests judgement against Defendants CITY OF EAST ORANGE, EAST ORANGE POLICE DEPARTMENT, POLICE OFFICER D. SHERIDAN, COUNTY OF ESSEX, ESSEX COUNTY PROSECUTOR'S OFFICE, JOHN DOES 1-20 and ABC CORPORATION 1-20 for damages, together with any attorney fees and costs of suit and any other further relief as the Court may deem proper and just.

### FIFTH COUNT
### (Negligent Supervision)

58. Plaintiff repeats and reasserts the foregoing paragraphs of the complaint as if fully set forth herein.

59. Defendants had a duty to properly supervise their employees, and failed to do so.

60. As a result of Defendants' negligent supervision of their officers, Plaintiff was harmed and continues to suffer damage.

WHEREFORE, Plaintiff DWAYNE MCCUBBIN, requests judgement against Defendants CITY OF EAST ORANGE, EAST ORANGE POLICE DEPARTMENT, POLICE OFFICER D. SHERIDAN, COUNTY OF ESSEX, ESSEX COUNTY PROSECUTOR'S OFFICE, JOHN DOES 1-20 and ABC CORPORATION 1-20 for damages, together with any attorney fees and costs of suit and any other further relief as the Court may deem proper and just.

## JURY DEMAND

Pursuant to R. 4:35-1. Plaintiff hereby demands a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, David L. Soffer, Esq. is hereby designated as trial counsel.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b), demand is hereby made that Defendants disclose to Plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgement and provide Plaintiff's attorney with true copies of such insurance agreements or policies, including any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophic and umbrella policies.

## REQUEST FOR ANSWERS TO UNIFORM INTERROGATORIES

Pursuant to rule 4:17-1, the Plaintiff hereby requests answers to Form C Uniform Interrogatories, within the time set forth by the Court Rules. The Plaintiff reserves the right to propound additional interrogatories.

## CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding. I know of no other party who should be joined in this action.

LAW OFFICE OF DAVID L. SOFFER, LLC

By: _____
David L. Soffer, Esq.
Attorney for Plaintiff Dwayne McCubbin

DATED: July 25, 2017

CERTIFICATION OF SERVICE

I hereby certify that the original of this *First Amended Complaint* was filed with the Clerk of the United States District Court for the District of New Jersey, and that a copy was sent via email to all counsel.

_____
David L. Soffer, Esq.
Attorney for Plaintiff

Dated: July 25, 2017